EDWARD A. DUFRESNE, JR., Chief Judge.
I ;>This is a dispute arising from a contract for placement of amusement machines between the Round Up Lounge, Inc. and Lucky Coin Machine Co. The contract at issue provided that Lucky Coin was to provide amusement machines of its own choosing to-the lounge and maintain them at its own expense. The proceeds from the machines were to be split 50-50 between the parties. It also provided that attorney fees would be owed if legal action was required to enforce the terms of the agreement. The term of the agreement was for five years.
The contract was signed in July of 2004, and several machines were duly delivered to the lounge. In the spring of 2005 Eric Louque, the proprietor of the Round Up Lounge, entered into another contract for the placement of machines with Genco Amusement Co., Inc. Louque then unplugged Lucky Coin’s machines and installed Genco’s machines in the lounge. Lucky Coin thereupon initiated the present legal action.
Is At trial Louque’s position was that although the contract provided that Lucky Coin had the sole discretion to determine what types of machines it would place at the location, it had nonetheless verbally agreed to install a foosball table and a “Big Bucks Hunter” machine at the lounge, but failed to do so. He also asserted that the machines actually placed at the lounge were constantly breaking down. He viewed these problems as constituting a breach of the agreement on the part of Lucky Coin which justified his seeking machines from Genco.
Lucky Coin presented testimony from several people on its staff who generally stated that the machines at the lounge functioned well and that although such machines often fail, those at this location had fewer problems than most others. It also admitted that Louque had asked for the two additional machines, which were in fact provided at about the time he contracted with Genco. Lucky Coin did not *113 consider its earlier failure to provide these machines as a breach of the agreement, instead relying on the clause in the contract which gave it the exclusive right to determine which machines to provide.
On the above evidence the trial judge ruled in favor of Lucky Coin and ordered that its machines be re-installed in the lounge. He declined to award attorney fees and damages, however, and gave no reasons for judgment. Lucky Coin now appeals the determination not to award attorney fees and damages. Round Up Lounge has answered the appeal seeking reversal of the judgment in favor of Lucky Coin ordering its machines reinstalled.
The laws applicable to this case are as follows. Factual determinations made by the trier of fact may only be set aside when they are manifestly erroneous or clearly wrong. Stobart v. State of La. through DOTD, 617 So.2d 880 (La.1993). Article 1983 of the La. Civ.Code provides that “contracts have the effect of law for the parties.” Article 2046 of the Code providés that “[w]hen the words of a |,(Contract are clear and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.”
In regard to the judgment in favor of Lucky Coin, the trier of fact implicitly found that Louque’s complaints about the performance of the machines was unfounded, and instead accepted Lucky Coin’s assertion that the machines worked properly. Aso implicit in the judgment was the legal conclusion that the contract clearly gave Lucky Coin the exclusive right to determine which machines to install, as well as the factual determination that Louque’s assertion that there was a verbal amendment to the contract for additional machines was not well founded. Considering the record as a whole we cannot say that the above factual findings were manifestly erroneous, or that the legal conclusions were wrong. We therefore must affirm that judgment.
However, as to legal fees and damages, we hold that the trial judge fell into legal error. As noted above, contracts are the law between the parties. The contract at issue here clearly provides that if either party must seek legal redress then reasonable attorney fees will be owed by the other party. Aso, La. Civ.Code Art.1994 provides that “[a]n obligor is liable for damages caused by his failure to perform a conventional obligation.” There is no question that Lucky Coin had to resort to legal action, and it is thus entitled to legal fees under the specific language of the contract. Neither is there any question that the Round Up Lounge failed to perform under the contract and therefore that Lucky Coin is legally entitled to damages.
Because the trial judge made the erroneous legal conclusions that Lucky Coin was not entitled to either legal fees or damages, he apparently did not consider the evidence presented on either of these two claims. We therefore Rremand this matter to the district court for consideration of this evidence and rulings thereon consistent with this opinion.
For the foregoing reasons that portion of the judgment ordering that Lucky Coin’s machines be reinstalled in the Round Up Lounge is affirmed; that portion of the judgment holding that Lucky Coin is not entitled to attorney fees and damages is reversed, and the matter is remanded to the district court to fix the amounts of these latter items.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.